UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James Muhammad** *(aka James Muhammad Wright)*;<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>Taylor Jowers;<br>Robert Milling;<br>Department of Mental Health; and<br>Attorney General Henry McMaster,<br><br>　　　　　　　　　Defendants.<br>_____ | ) **C/A No. 3:06-514-CMC-JRM**<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This case is before the Court because of Plaintiff's failure to comply with the undersigned's Order of March 2, 2006 (Entry 3), and because of Plaintiff's failure to prosecute the case in a timely manner.

This case was filed by Plaintiff on February 21, 2006. Following initial review, the initial Order was issued, directing Plaintiff to submit certain documents required to bring this case into proper form for consideration of whether or not service of process should be authorized. Plaintiff was specifically informed: **"If Plaintiff does not bring this case into proper form within the time permitted under this Order, this case could be dismissed for failure to prosecute."** (Entry 7, emphasis in original).

The Order was mailed to Plaintiff on March 6, 2006, and the deadline set for Plaintiff's compliance was March 29, 2006. The mail in which the Order was sent was not returned undelivered, thus it is presumed that Plaintiff received his copy of the Order. However, the deadline for compliance has now passed with no response whatsoever from Plaintiff. Applying the four-factor test of Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978)

to the circumstances of this case, the un-explained failure of Plaintiff to respond to the Court's initial Order in this case (Entry 7), indicates an intent on Plaintiff's part not to prosecute this case.

## **Recommendation**

Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute the case. *See* Fed.R.Civ.P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); *see also* Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).  It is also recommended that the assigned United States District court Judge all of Plaintiff's pending motions (Entries 2, 3, and 4) as moot.

Plaintiff's attention is directed to the important notice on the following page.

Respectfully Submitted,

s/Joseph R. McCrorey  
United States Magistrate Judge

April 10, 2006  
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *See*  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant);  Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins;  Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
